# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jason and Min Lee, h/w;          :
JC Investment, Inc., and Restaurant   :
Development, LLC d/b/a Cedar Park   :
Café,                            :
                  Appellants      :
                                 :
            v.                    :
                                 :
JPC Group, Inc.                  :
                                 :
JC Investment, Inc. and Restaurant   :
Development, LLC                 :
                                 :
            v.                    :   No. 1000 C.D. 2016
                                 :   Argued: February 6, 2017
JPC Group, Inc.                  :


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                    FILED: March 9, 2017

Jason and Min Lee, JC Investment, Inc., and Restaurant Development, LLC d/b/a Cedar Park Café (Owners) appeal a decision of the Court of Common Pleas of Philadelphia County (trial court) that denied their motion *in limine* to preclude JPC Group, Inc. from presenting evidence on its asserted qualified immunity defense. The trial court denied Owners' motion because it concluded that JPC Group was acting as an employee of the City of Philadelphia (City) when it demolished a fire-damaged building and, thus, immune from tort liability. JPC

Group counters that all of the issues Owners raise in this appeal were waived due to their failure to file a post-trial motion. We reverse and remand.

On December 24, 2012, a fire severely damaged a three-story building at 4912 Baltimore Avenue in the City. To investigate the origin of the fire, the Fire Marshal decided that either the front or back of the building had to be removed. The inspectors from the City's Department of Licensing and Inspection expressed concern that the demolition work created the risk of damage to the one-story buildings on either side of the damaged three-story building. JPC Group was selected to do the demolition work because it had previously performed such work for the City.

The City has an annual Master Demolition Contract (Contract) with JPC Group. The Contract authorizes JPC Group to submit demolition service bids to the City "in open competition with other contractors so qualified." Reproduced Record at 66 (R.R. ___). The Contract provides "no guarantee that the contractor will be awarded bids against this Contract." R.R. 67. To be eligible to participate, JPC Group is required to provide security in the form of a "performance bond" and "payment bond" as prescribed by the City. R.R. 68. JPC Group is further required to carry its own liability insurance that names the City, its officers, and employees as additional insureds. In addition, the Contract requires JPC Group to indemnify the City for any costs, expenses, damages, and liabilities the City might incur as a consequence of JPC Group's performance of demolition services.

Richard Quigley, an inspector for the Department of Licensing and Inspection, testified in his deposition that the City chose JPC Group to demolish the fire-damaged building "because of the way the building was situated … a three story building above two one story buildings. So we wanted to bring on somebody

2

who had the equipment and the manpower and the experience … to deal with the situation." R.R. 483; Notes of Testimony, 10/24/2014, at 11-12 (N.T. __).

In preparation for the demolition process, JPC Group laid down tires and sheets of plywood on the roofs of the adjacent one-story buildings to protect them from falling bricks. The company then moved its excavator onto the scene to perform the demolition work. The Fire Marshal, who was present at the scene, set up a "command post" at an adjacent property to watch the demolition.[1] During the process, the sidewalls of the fire-damaged building collapsed outward, causing damages to the adjacent one-story buildings, one of which was owned by Owners.

Owners sued JPC Group for negligence. State Farm Fire and Casualty Company (State Farm), acting as Owners' subrogee, also sued. The trial court consolidated the two matters. The parties deposed the City's Fire Marshal, inspectors, Chief of Contractual Services at the Department of Licensing and Inspection, as well as several employees of JPC Group. State Farm also prepared an expert report to show that JPC Group acted negligently in demolishing the fire-damaged building.

Owners filed a motion *in limine* with the trial court to preclude JPC Group from presenting evidence on its asserted defense of qualified immunity.[2] On December 7, 2015, both parties appeared before the trial court to provide an

---

[1] The Fire Marshal testified in his deposition as to the reason he set up the command post: "[w]e'd go in there and we'd talk about it … we say what we observed on the outer side, what we do next, what we want to have the crane operators do. And that was just someplace to get out of the cold.…it was the warmest of the two properties." R.R. 164; N.T., 10/24/2014, at 66. The Fire Marshal further testified: "[the] property gave us access to the area where we could see down into the property as the equipment operator was extracting the building beams, and stuff, out of there. From his property we could see down into it." R.R. 164; N.T., 10/24/2014, at 67.

[2] JPC Group did not assert the defense of immunity in its answer with new matter.

3

update on the status of the case. State Farm's counsel informed the trial court that there had been a number of motions *in limine* filed, but not yet decided, and some related to the immunity issue. The trial court acknowledged that immunity would be the "first and foremost" issue to be decided. R.R. 600a. JPC Group's counsel stated that his client had responded to the motion *in limine*, and that "the only question is whether [the judge] want[s] to decide [the immunity issue] on papers or whether [she] want[s] to hear testimony from the witnesses with regard to that issue." R.R. 601a. Assured by JPC Group's counsel that live testimony from the witnesses would not be different from the depositions, the trial court decided to rule on the immunity issue based on the depositions. The matter was continued until December 9, 2015.

On December 9, 2015, the parties reconvened and the trial court denied Owners' motion *in limine*. The court found that JPC Group acted as an employee of the City on the date of the incident and, thus, was immune from liability under what is commonly referred to as the Political Subdivision Tort Claims Act, 42 Pa. C.S. §§8541-8542 (Tort Claims Act).[3] Owners appealed to the Superior Court, without first filing post-trial motions. The Superior Court ordered Owners to show cause as to the basis for appellate jurisdiction. Owners filed a response. Owners Brief at 9. The Superior Court later transferred the case to this Court.

---

[3] Section 8541 of the Tort Claims Act provides: "Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." 42 Pa. C.S. §8541. Section 8542 provides exceptions, *i.e.*, the circumstances where a local agency may be found liable for damages caused by its employee. 42 Pa. C.S. §8542. The trial court, in holding that JPC Group is immune from liability under Section 8541, did not consider the applicability of any of the exceptions in Section 8542.

On appeal,[4] Owners argue that the trial court erred in deciding that JPC Group acted as an employee of the City and is immune under Section 8541 of the Tort Claims Act, 42 Pa. C.S. §8541. Owners contend that JPC Group was an independent contractor of the City. JPC Group responds that all of the issues that Owners raise in this appeal were waived due to their failure to file post-trial motions. JPC Group also argues that, in any event, the trial court did not err in holding that it acted as an employee of the City and is thus immune from liability.

The issues presented in this appeal are identical to those raised by State Farm in its separately docketed appeal from the trial court's order. *State Farm Fire and Casualty Co. v. JPC Group, Inc.*, ___A.3d ___ (Pa. Cmwlth., No. 916 C.D. 2016, filed March 9, 2017.) For the reasons set forth in this Court's opinion in *State Farm*, we reverse the trial court's order and remand for further proceedings on Owners' negligence claim.

_____
MARY HANNAH LEAVITT, President Judge

---

[4] Whether a person acts as an independent contractor or an employee is a question of law fully reviewable by this Court. *Johnson v. Workers' Compensation Appeal Board (Dubois Courier Exp.)*, 631 A.2d 693, 696 (Pa. Cmwlth. 1993). Accordingly, our standard of review is *de novo*, and the scope of review is plenary. *The Medical Shoppe, Ltd. v. Wayne Memorial Hospital*, 866 A.2d 455, 459 n.10 (Pa. Cmwlth. 2005).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jason and Min Lee, h/w;                          :
JC Investment, Inc., and Restaurant              :
Development, LLC d/b/a Cedar Park                 :
Café,                                            :
                        Appellants               :
                                                 :
                v.                               :
                                                 :
JPC Group, Inc.                                  :
                                                 :
JC Investment, Inc. and Restaurant               :
Development, LLC                                  :
                                                 :
                v.                               :   No. 1000 C.D. 2016
                                                 :
JPC Group, Inc.                                  :

# **O R D E R**

AND NOW, this 9th day of March, 2017, the order of the Court of Common Pleas of Philadelphia County dated December 9, 2015, is REVERSED and the above-captioned matter is REMANDED for further proceedings in accordance with the attached opinion.

Jurisdiction relinquished.

_____
MARY HANNAH LEAVITT, President Judge